UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIVERSE STAFFING SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BESTAFF, LLC, )<br>ELIZABETH ERWIN, )<br>)<br>Defendants. ) | Case No. 1:24-cv-01076-TWP-MKK |

### ORDER ON DEFENDANT ERWIN'S MOTION TO DISMISS

This matter is before the Court on Defendant Elizabeth Erwin's ("Erwin") Motion to Dismiss Plaintiff's Complaint for Damages for failure to state a claim (Filing No. 12). On May 17, 2024, Plaintiff Diverse Staffing Services, Inc., ("Diverse Staffing") filed a Complaint for Damages against Defendant Bestaff, LLC ("Bestaff") and Erwin individually (collectively, "Defendants") alleging that the Defendants tortiously interfered with its business relationships and contracts and were unjustly enriched by employing Diverse Staffing's former employees (*see* Filing No. 1-1 at 4-14). For the following reasons, Erwin's Motion to Dismiss is **denied**.

### I.    BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor Diverse Staffing as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Diverse Staffing is a staffing and recruiting agency that provides full-service contingent employment solutions, including temporary, tempt-to-hire, contract, and direct-hire employee services, as well as a wide range of human resources services (Filing No. 1-1 at 6). In February

2023, Diverse Staffing employed Stacey Curtis ("Curtis") as a Branch Manager of its Greenwood, Indiana office.  Curtis' tasks included daily oversight of operations, expanding business with branch clients, securing new clients, and collaborating with Diverse Staffing leadership.  *Id.* Similarly, Diverse Staffing employed Limari Sanabria ("Sanabria") as a Staffing Services Specialist II.  *Id.* at 7. Sanabria's tasks included recruitment, client relations, and more.  *Id.*  One of the largest accounts both Curtis and Sanabria were responsible for was the company ALOM.  *Id.* at 6, 7.

As a condition of employment with Diverse Staffing, Curtis and Sanabria entered into employment agreements which included confidentiality, non-competition, and customer and employee non-solicitation covenants ("Employment Agreement").  *Id.* at 7.  On February 14, 2023, Curtis resigned without notice.  *Id.*  After resigning, Curtis went to work for Bestaff as an Area Director of Operations.  *Id.*  Curtis provided a copy of her Employment Agreement to Bestaff and asked Erwin whether her employment with Bestaff would cause her to violate her contractual obligations to Diverse Staffing.  *Id.*  Erwin informed Curtis that she would not be asked to violate her Employment Agreement while working for Bestaff.  *Id*.

The Complaint alleges that once hired, Erwin immediately directed Curtis to begin working on attempting to secure the ALOM account on behalf of Bestaff.  *Id.*  Curtis was directed to work on the ALOM account before it had even become a Bestaff client.  *Id.* at 8.  Erwin also directed Curtis to reach out to a Diverse Staffing employee to obtain contact information for a client with whom Curtis used to work for on behalf of Diverse Staffing, which Curtis did.

Curtis referred Erwin to Sanabria, and Erwin then recruited and hired Sanabria despite Curtis' Employment Agreement containing an employee non-solicitation provision.  On February

28, 2023, Sanabria resigned from her job with Diverse Staffing without notice to begin employment with Bestaff.

In April 2023, Diverse Staffing filed a lawsuit against Curtis and Sanabria in state court. *Id.* Diverse Staffing, Curtis, and Sanabria resolved the lawsuit and entered into a settlement agreement in May of 2024 ("Settlement Agreement"). *Id.*; *see id.* at 27-30. The Settlement Agreement included a term whereby the parties agreed to jointly file an agreed permanent injunction ("Agreed Injunction"). *Id.* at 8; *see also id.* at 37-40. Erwin was a material participant in the settlement process: she directed Curtis to take the blame for the allegations, accept guilt, and pay any damages to Diverse Staffing to keep her job at Bestaff. *Id.* at 9. Counsel for Bestaff also communicated with Diverse Staffing, Curtis, and Sanabria regarding the material settlement terms. *Id.* Diverse Staffing provided Bestaff with a copy of the Settlement Agreement on May 16, 2023. *Id.*

Despite being aware of the settlement terms, Bestaff and Erwin failed to permanently change or restrict Curtis' and Sanabria's access to the ALOM account information and files. *Id.* at 9-10. Additionally, Erwin told Curtis to continue working on the ALOM account, and threatened Curtis that she would be disciplined for insubordination if she did not continue doing so. *Id.* at 10. When Curtis expressed her discomfort with continuing to work on the ALOM account, Erwin directed Curtis to "work in the background on these accounts so that her involvement would not be obvious." *Id.*

Bestaff benefited from Curtis' work on the ALOM account. Diverse Staffing's business with ALOM decreased to the point that ALOM stopped sending Diverse Staffing new business. *Id.* at 11. Curtis and/or Sanabria were also working on a handful of other accounts restricted by the

Settlement Agreement and Agreed Injunction, leading to further losses by Diverse Staffing. *Id.* at 12.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633.

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). The allegations must "give the defendant fair notice of what the… claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"[Courts] consider documents attached to the complaint as part of the complaint itself. Such documents may permit the court to determine that the plaintiff is not entitled to judgment." *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (internal citations omitted). Dismissal is appropriate "when a party has included in its complaint facts that establish an

impenetrable defense to its claims.'" *Hecker*, 556 F.3d at 588 (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)).

### III.     DISCUSSION

Diverse Staffing asserts three claims in its Complaint:  Count 1: Tortious Interference with Business Contracts; Count 2: Tortious Interference with Business Relationships; and Count 3: Unjust Enrichment.  Erwin argues Diverse Staffing fails to adequately assert any claims against her because she cannot be personally liable for Bestaff's actions.  The Court will discuss each claim in turn.

**A.     Tortious Interference with Business Contracts and Relationships**

Diverse Staffing alleges that Erwin "intentionally induced Curtis and/or Sanabria to breach the [agreements with Diverse] by … directing Curtis and Sanabria to work on the ALOM account for the duration of their employment with Bestaff." (Filing No. 1-1 at 12.)  Diverse Staffing also alleges Erwin "intentionally interfered with Diverse[ Staffing]'s relationships with its customers." *Id.* at 13.

> Under Indiana law,
>
> The elements of an action for tortious interference with a contract are (1) existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach.

*Syndicate Sales, Inc. v. Hampshire Paper Corp.*, 192 F.3d 633, 641 (7th Cir. 1999) (quoting *Biggs v. Marsh*, 446 N.E.2d 977, 983 (Ind. Ct. App. 1983)).  The elements for tortious interference with a business relationship and tortious interference with contract are the same, except that for tortious interference of a business relationship the existence of a valid and enforceable contract is not required.  *McCollough v. Noblesville Sch.*, 63 N.E.3d 334, 344 (Ind. Ct. App. 2016).

Erwin argues that the tortious interference claims must be dismissed because she cannot be held personally liable for Bestaff's actions. Erwin argues that under common law rules of agency the remedy for seeking to enforce a contract is against the principal, not the agent. Erwin also cites *Trail v. Boys & Girls Clubs*, 845 N.E.2d 130, 139 (Ind. 2006), in support of the proposition that corporate officers must have acted outside the scope of their authority before they may be held liable in tort.

In response, Diverse Staffing points out that they are not suing Erwin simply because of her ownership interest in Bestaff, but because she had personal involvement in interfering with their contracts and business relationships. Diverse Staffing appropriately acknowledges that *Trail's* holding applies only when claims of tortious interference with the corporation's contract are asserted against that corporation's corporate officer. *See Med. Informatics Eng'g, Inc. v. Orthopaedics Ne.*, P.C. 458 F. Supp. 2d 716, 729 (N.D. Ind. 2006) (noting that *Trail's* holding does not apply generally to all torts).

The Indiana Business Flexibility Act provision provides that:

> A member, manager, an agent, or an employee of a limited liability company is not personally liable for the debts, obligations, or liabilities of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions, of any other member, manager, agent, or employee of the limited liability company.

Ind. Code § 23-18-3-3. Those persons may, however, be personally liable for the torts in which she has participated, or which one has authorized or directed. *See id.; see also Civil Rights Comm'n v. County Line Park, Inc.*, 738 N.E.2d 1044, 1049-50 (Ind. 2000).

Taking Diverse Staffing's allegations as true, as required at this stage, they have appropriately alleged Erwin's personal involvement in interfering with Curtis' and Sanabria's employment contracts and the Agreed Injunction. The allegations in the Complaint explain how Erwin was personally involved. (*See* Filing No. 1-1 at 10 ¶¶ 32-33 (Erwin told Curtis to continue

working on the ALOM account, and she threatened Curtis that she would be disciplined for insubordination if she did not continue doing so; Erwin directed Curtis to work in the background on these accounts so that her involvement would not be obvious). Accordingly, Erwin's Motion to Dismiss Diverse Staffing's tortious interference claims against her individually, is **denied**.

**B.**     **Unjust Enrichment**

Diverse Staffing alleges Erwin personally benefited from her violations of Indiana law and received a personal, measurable benefit. To prevail on an unjust enrichment claim, a plaintiff must generally show: (1) she rendered a benefit to the defendant at the defendant's express or implied request, (2) the plaintiff expected payment from the defendant, and (3) allowing the defendant to retain the benefit without restitution would be unjust. *Pain Ctr. of SE Indiana, LLC v. Origin Healthcare Sols. LLC*, No. 1:13-CV-00133-RLY, 2014 WL 6750042, at *6 (S.D. Ind. Dec. 1, 2014).

Erwin argues that Diverse Staffing's unjust enrichment claim must be dismissed because they fail to allege that Erwin received any personal benefit. Erwin contends that Diverse Staffing "must allege that Bestaff and Erwin *each* retained measurable – and unique, separate – benefits." ([Filing No. 18 at 3](#)) (emphasis in original). Erwin cites *Red Barn Motors, Inc. v. NextGear Cap., Inc.*, No. 114CV01589TWPDKL, 2017 WL 1133707, at *15 (S.D. Ind. Mar. 27, 2017), to support her position.

*Red Barn Motors* does not stand for the proposition Erwin argues. In *Red Barn Motors*, the plaintiff alleged "[b]y charging and collecting interest from the Red Barn Plaintiffs on money that was not lent, Cox Enterprises, Inc., Cox Automotive, Inc., and NextGear/DSC were unjustly enriched at the expense of the Red Barn Plaintiffs and other members of the Class." *Id.* The court dismissed the unjust enrichment claim because the plaintiff pled *no* factual allegations against the individual defendant, Mr. Wick. *See id.* ("There are no factual allegations of [] Mr. Wick receiving

7

payment or benefits. All the factual allegations in the Amended Complaint concerning benefits and payments relate to NextGear.") The instant case is distinguishable on these facts alone.

Diverse Staffing adequately pled how Erwin benefitted from interfering with their contracts. Specifically, the Complaint alleges "benefits received by Erwin includ[e] without limitation profits, revenue…" (Filing No. 1-1 at 14 ¶ 62). At this stage, Diverse Staffing's allegations are sufficient to state a claim against Erwin for unjust enrichment. Erwin's Motion to Dismiss as to Diverse Staffing's unjust enrichment claim is **denied**.

### IV.    CONCLUSION

For the reasons stated above, Erwin's Motion to Dismiss Plaintiff's Complaint for Damages for failure to state a claim (Filing No. 12) is **DENIED**.

**SO ORDERED.**

Date: 12/16/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Gregory W. Guevara
gguevara@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Katherine G. Erdel
DENTONS BINGHAM GREENEBAUM LLP
kate.erdel@dentons.com

Shaina Bloom
DENTONS BINGHAM GREENEBAUM
shaina.bloom@dentons.com